UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANNY H. BRANDT,<br><br>               Plaintiff,<br><br>   v.<br><br>JOSEPH LEHMAN and ALICE PAYNE,<br><br>               Defendants. | Case No. C07-5308FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for March 7, 2008 |

      This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the court on defendant's motion to dismiss (Doc. 10). After reviewing the motion and balance of the record, the undersigned recommends that the Court grant the motion.

## PROCEDURAL AND FACTUAL BACKGROUND

      Plaintiff, Danny Brandt, is a Washington State inmate who has filed a 42 U.S.C. § 1983 civil rights action alleging Defendants violated his "due process guaranteed under the Fifth and Fourteenth amendments." Amended Complaint (Doc. 7) at 3. Specifically, Plaintiff alleges he was wrongfully held thirteen days beyond his established release date and when he challenged the extension of his sentence defendants failed to respond to his appeals. Id.

      Defendants now move to dismiss plaintiff's complaint. Defendants argue the following: (i) Plaintiff failed to file his complaint within the statute of limitation time period; (ii) Plaintiff's claims are

REPORT AND RECOMMENDATION
Page - 1

barred by the favorable determination doctrine; and (iii) Plaintiff has failed to name a proper defendant.

After reviewing the matter, the undersigned finds plaintiff has failed to file his claims within the applicable period of limitation. Accordingly, the court should grant defendant's motion to dismiss this matter.

## DISCUSSION

*A. Plaintiff's Claims Are Barred by The Statute of Limitations*

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used. In Washington, a plaintiff has three years to file an action. Rose v. Rinaldi, 654 F.2d 546 (9th Cir 1981). The Washington statute for personal injury reads as follows:

> The following actions shall be commenced ***within three years***: . . . (2) An action for taking, detaining, or injury personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated.

RCW 4.16.080(2) (emphasis added).

Federal law determines when a civil rights claim accrues. Tworivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also* Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001), *quoting* Tworivers, 174 F.3d at 992. The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful. Abramson v. Univ. of Hawaii, 594 F.2d 202, 209 (9th Cir. 1979).

Here, Plaintiff's Amended Complaint states he became aware of the extension to his sentence, while he was in work release, on or about September 7, 2002. Noteworthy, is the fact that Plaintiff filed a lawsuit in state court based on these same facts in October 2004. These facts indicate Plaintiff had actual notice of the facts giving rise to a claim in sufficient time to commence a federal action before the expiration of the three year statute of limitations.

Plaintiff argues the court should equitably toll the statute of limitations in this case. In § 1983 actions, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws are inconsistent with federal law. Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999); *see also* Board of

1  Regents of University of State of N.Y. v. Tomanio, 446 U.S. 478 (1980).

2        The doctrine of equitable tolling prevents a defendant from asserting the statute of limitations
3  when a defendant's actions have fraudulently, deceptively or in bad faith induced plaintiff to delay
4  commencing suit until the applicable statute of limitations has expired. Del Guzzi Constr. Co., Inc. v.
5  Global Northwest Ltd., Inc., 719 P.2d 120 (1986). For the doctrine of equitable tolling to be applicable, a
6  defendant must have actively concealed or misrepresented facts, or otherwise interposed a hindrance or
7  impediment that prevented plaintiff from discovering or suing on the claim. Wood v. Gibbons, 685 P.2d
8  619, review denied, 103 Wn.2d 1009 (1984). In addition, a defendant is not equitably estopped from
9  raising a statute of limitations defense when the plaintiff had actual notice of the facts giving rise to a
10 claim in sufficient time for the plaintiff to commence an action before the expiration of the statute period.
11 Helgeson v. City of Marysville, 881 P.2d 1042 (1994).

12       Plaintiff argues that equitable tolling applies here. Plaintiff states that this case is part of a
13 case he originally brought in October 2004 in Thurston County Superior Court that was dismissed on
14 April 14, 2006.   Plaintiff states that his inability to continue prosecution of his state court action was due
15 to his release from prison and resulting homelessness. Accepting all of Plaintiff's factual allegations as
16 true, equitable tolling does not apply to the facts of this case. "When an original action is dismissed, a
17 statute of limitations is deemed to continue as though the action had never been brought." Logan v.
18 Northwest Insurance Co., 45 Wn.App. 95, 99, 724 P.2d 1059 (1986); Steinberg v. Seattle First National
19 Bank, 66 Wn.App. 402, 406, 832 P.2d 124 (1992).   Plaintiff also offers no reasonable explanation for
20 waiting until June 2007 to bring this action in federal court.

21       For the foregoing reasons, the undersigned recommends that Plaintiff's claims be dismissed
22 with prejudice as they are barred by Washington's three-year statute of limitations.

23 *B. PLAINTIFF'S MOTION TO AMEND*

24       In response to the motion to dismiss, Plaintiff requested leave to amend his complaint in order to
25 correct any deficiencies in his original complaint (Doc.19).  However, Plaintiff's proposed Second
26 Amended Complaint suffers from the same deficiencies as his original and amended complaints.   Plaintiff
27 states the second amended complaint is needed to  fully discloses all of his previous litigation.   It is clear
28 from a review of the facts alleged, the proposed Second Amended Complaint is based on the same set of

REPORT AND RECOMMENDATION
Page - 3

facts during the same time period. An amendment in this fashions would be futile and therefore it would be barred for the same reasons discussed above.

## CONCLUSION

Based on the foregoing discussion, the Court should GRANT Defendants' motion to dismiss and dismiss Plaintiff's claims and causes of action. Additionally, Plaintiff's motion to amend (Doc. 19) should be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 7, 2008**, as noted in the caption.

DATED this 13th day of February, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge